IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

TERRENCE W. FRANK, Individually
and on Behalf of Sharon K.
Frank (deceased),

    Plaintiff,
 vs.           **Case No. 09-4146-RDR**

PRESIDENT GEORGE W. BUSH;
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; OTT LAND &
GRAIN, INC.; KENT A. OTT;
REBECCA OTT; WESLEY MEDICAL
CENTER; JOSEPH M. SACK, M.D.;
SPECTRUM FAMILY MEDICAL CLINIC;
RONALD K. BADGER; KANSAS DEPT.
OF AGRICULTURE/DIVISION OF
WATER RESOURCES; SUMNER COUNTY
DISTRICT COURT/KANSAS THIRTIETH
JUDICIAL DISTRICT; JUDGE R.
SCOTT McQUIN,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff, appearing <u>pro se</u>, has filed a complaint against the above-captioned defendants. Plaintiff asserts that he is appearing on behalf of himself and his deceased wife, Sharon K. Frank.[1] This case is before the court upon multiple motions to dismiss. Doc. Nos. 30, 32, 34, 36 and 49.

---

[1] The complaint contains no allegation suggesting that plaintiff is entitled to assert a claim on behalf of his late wife. See 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"); <u>Warth v. Seldin</u>, 422 U.S. 490, 499 (1975)("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

I.  <u>Allegations in the complaint</u>

Plaintiff alleges that in 1985 Kent and Rebecca Ott and the Ott Land & Grain corporation placed an irrigation system on land adjoining plaintiff's property.  Plaintiff contends that this caused plaintiff's property to become a "catchpond" for water draining from the Ott property.  He asserts that flooding on his property in 1989 and 1993 caused damages in the amount of $100,000 in 1989 and $290,000 in 1993.  The boundary between the Ott's land and plaintiff's property is also the county line between Sedgwick and Sumner County, Kansas.

In 2002, plaintiff obtained a permit from Sumner County to build a pond and berm to protect his land from flooding.  After the pond and berm were constructed, water backed up onto the Otts' property.  Plaintiff alleges that Mr. Ott, a former Kansas state representative, used his political connections to convince the Kansas Department of Agriculture/Division of Water Resources to bring a case against plaintiff.  Plaintiff lost this case and was ordered by the State of Kansas to remove the pond and berm.

Plaintiff tried to appeal the case to the Sumner County District Court, where defendant R. Scott McQuin is a district court judge.  Plaintiff lost this case as well.  During this litigation, he was represented by defendant Ronald Badger.

In March 2009, plaintiff was sued by the Otts for flooding plaintiff allegedly caused on the Ott property.

Plaintiff's wife, Sharon Frank, now deceased, was given a migraine shot at Wesley Hospital in Wichita, Kansas on or about November 10, 2007. She did not stay at the hospital, but returned and was admitted on November 12, 2007. Plaintiff alleges that defendant Dr. Joseph Sack directed that his wife be given a "steroid cocktail" intravenously. Plaintiff further alleges that this caused his wife to develop diabetes by the next day. Plaintiff next alleges that the nurse staff at the hospital did not give his wife insulin. This led to complications like blindness, vomiting and seizures. The complaint states that a physician came to the hospital room at approximately 5:15 p.m. on November 17, 2007 and said that plaintiff's wife would be taken from the room for a test; however, this did not happen. By 8:30 p.m., plaintiff's wife was in a coma. She was pronounced dead on November 18, 2007 at approximately 11:30 a.m.

Plaintiff states in the complaint that his wife "actually died from intentional negligence/medical malpractice by Dr. Sack and Wesley Hospital, the result of a National Security Letter authorized by President Bush and the government which was initiated by Kent Ott, Rebecca Ott and/or Ott Land & Grain, Inc." Doc. No. 1, p. 11, ¶ 93.[2] Plaintiff alleges that President Bush, the Department of Homeland Security and the government issued the

---

[2] The complaint repeats paragraph numbers occasionally and skips paragraph numbers occasionally. In this opinion, the court will cite to the paragraph numbers shown in the complaint.

national security letter against plaintiff and his wife without good cause and in violation of the Foreign Intelligence Surveillance Act of 1978 and the USA Patriot Act of 2001. Doc. No. 1, p. 13, ¶ 117.

The complaint further alleges:

118. A National Security Letter was issued by President George W. Bush and the Department of Homeland Security which authorized Wichita area hospitals and others (including Wesley Hospital and Dr. Joseph Sack) to use a "steroid cocktail" to try and cause death to Ms. Heffington in March 2007, former A.H.A.! volunteer Gae Lynn Ashley in May 2007 and Sharon Frank [plaintiff's wife] in November 2007.

119. The only thing that all three of the above people had in common was that they were fighting for justice in a corrupt legal system.
. . . .

121. After September 11, 2001, President Bush and the government illegally utilized National Security Letters to keep innocent American people under surveillance and to employ Blackwater contractors as minimally trained nurses and x-ray technicians in hospitals to try and cause their death in an inconspicuous manner. This is conspiracy to murder and murder, since these defendants acted with malice aforethought.
. . . .

126. Plaintiff's right to privacy under the Fourth Amendment to the United States Constitution was violated by the government and President Bush when they illegally targeted Mr. and Mrs. Frank with a National Security Letter, just as they had done to A.H.A! volunteers Joan Heffington and Gae Lynn Ashley.

127. Plaintiff has been denied due process of law under the Fifth Amendment to the United States Constitution due to the conspiracy/collusion and fraud engaged in by the defendants, attorney Ronald Badger, Judge R. Scott McQuin and the Sumner County District Court and the state. This caused him to be deprived of effective assistance of counsel, which deprived him of his right to due process

4

> of law under the Fifth Amendment to the U.S. Constitution, as applied to the states through the 14th Amendment.
>
> . . . .
>
> 129. Ultimately, Mr. and Mrs. Ott and Ott Land & Grain, Inc. misused the NSL [National Security Letter] issued by President Bush to neglect Mrs. Frank's health care in the hospital, cause her severe emotional distress, bodily harm and death, because they wanted Mr. Frank to stop pursuing his defense of the flooding case they had falsely brought against him.

Doc. No. 1, pp. 14-15. The complaint alleges that A.H.A! stands for Association for Honest Attorneys. Doc. No. 1, p. 9, ¶ 63. It is an organization under the direction of Joan Heffington which assisted plaintiff in his water litigation with the Otts. Doc. No. 1, pp. 9-14. Gae Lynn Ashley has been a volunteer for A.H.A! Doc. No. 1, p. 12, ¶ 98.

The complaint lists the following causes of action: 1) civil conspiracy/collusion (all defendants); 2) fraud by commission; 3) fraud by omission; 4) intentional fraud; 5) misrepresentation/ concealment; 6) negligence/medical malpractice; 7) gross negligence; 8) trespass; 9) private nuisance; 10) intentional private nuisance; 11) detrimental reliance; 12) wrongful death; 13) violations of the right to privacy; 14) violation of due process rights under the Fifth Amendment; 15) violation of the FISA and Patriot Acts; 16) violation of the War Crimes Act of 1949/crimes against humanity; and 17) outrage. The complaint also makes reference to 42 U.S.C. § 1983. Doc. No. 1, p. 16.

II. <u>Standards for review of pro se pleadings</u>

Plaintiff appears <u>pro se</u>. Therefore, his pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings. <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). If plaintiff's motion can be reasonably read to state a valid claim on which he could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements. <u>Id</u>. However, it is not "the proper function of the district court to assume the role of advocate for the <u>pro se</u> litigant." <u>Id</u>. For that reason, the court shall not supply additional factual allegations to round out a plaintiff's claims or construct a legal theory on his behalf. See <u>Whitney v. State of New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

III. <u>Standards for motions to dismiss</u>

The motions to dismiss which are discussed in this order ask for dismissal for lack of subject matter jurisdiction under FED.R.CIV.P. 12(b)(1) and for failure to state a claim under FED.R.CIV.P. 12(b)(6).

Regarding motions alleging a lack of jurisdiction under Rule 12(b)(1), it is well-settled that plaintiff bears the burden of showing that jurisdiction is proper and must demonstrate that the case should not be dismissed. <u>U.S. ex rel. Stone v. Rockwell Int'l Corp.</u>, 282 F.3d 787, 797 (10th Cir. 2002). The rules require a complaint to contain a "short and plain statement of the grounds

for the court's jurisdiction." FED.R.CIV.P. 8(a)(1). In his complaint, plaintiff makes the following statement regarding jurisdiction:

> The United States District Court for the District of Kansas has jurisdiction in this matter, since defendants' President Bush and government actors/entities violated federal laws in this matter and issued a National Security Letter against plaintiff without a warrant and without good cause which caused the death of plaintiff's wife, Sharon K. Frank.

Doc. No. 1, pp. 16-17. We will assume that plaintiff is claiming jurisdiction under 28 U.S.C. § 1331, § 1343 or § 1346(b)(1).

If a complaint seeks to recover directly under the Constitution or the laws of the United States, subject matter jurisdiction will not lie when the claim is wholly insubstantial and frivolous. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Davoll v. Webb, 194 F.3d 1116, 1129 (10th Cir. 1999). Claims presenting bizarre conspiracy theories or describing fantastic government manipulations exemplify matters which may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. See Best v. Kelly, 39 F.3d 328, 330 (D.C.Cir. 1994).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & 570 (2007). "Plausibility" does not

mean "likely to be true." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). "'[P]lausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "The complaint 'does not need detailed factual allegations'" to surmount a motion to dismiss for failure to state a claim. Christy Sports, LLC v. Deer Valley Resort Co., 555 F.3d 1188, 1191 (10th Cir. 2009) (quoting Twombly, 550 U.S. at 555). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable and that recovery is very remote and unlikely." Twombly, 550 U.S. at 556 (interior quotations omitted). However, "the complaint must give the court reason to believe that [the plaintiff] has a reasonable likelihood of mustering factual support of [the plaintiff's] claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). "[A]llegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim." Bryan v. Stillwater Board of Realtors, 578 F.2d 1319, 1321 (10th Cir.

8

1977).

The court has the authority to raise issues regarding the failure to state a claim, whether or not those issues are asserted in the motions to dismiss. See <u>Whitney</u>, 113 F.3d at 1173; see also, <u>Rector v. City and County of Denver</u>, 348 F.3d 935, 942 (10th Cir. 2003) (standing may be raised <u>sua sponte</u>).

IV. <u>Federal defendants motion to dismiss - Doc. No. 34</u>

The federal defendants in this matter are former President George W. Bush and the Department of Homeland Security. The federal defendants' motion to dismiss raises several arguments in favor of dismissal. The court shall only address the following arguments.

    A. <u>Immunity</u>

The Supreme Court has held that Presidents of the United States are absolutely immune from damages liability arising from official acts. See <u>Forrester v. White</u>, 484 U.S. 219, 225 (1988); <u>Nixon v. Fitzgerald</u>, 457 U.S. 731, 756-58 (1982). Moreover, because defendant Bush is no longer a federal official with the authority to order the type of actions alleged in the complaint, a claim for injunctive relief against former President Bush would not be proper. See <u>Tandy v. City of Wichita</u>, 380 F.3d 1277, 1283 (10th Cir. 2004) (injunctive relief requires a threat of being injured by defendant in the future).

As for the defendant Department of Homeland Security,

9

"[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Id., (quoting U.S. v. Sherwood, 312 U.S. 584, 586 (1941).

The Federal Tort Claims Act (FTCA) provides the exclusive means of relief for state law tort claims against federal officials. See 28 U.S.C. §§ 1346(b), 2671-2680; In re Franklin Savings Corp., 385 F.3d 1279, 1286 (10th Cir. 2004) cert. denied, 546 U.S. 814 (2005). The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies by filing an administrative claim with the appropriate federal agency. Industrial Constructors Corp. v. U.S. Bureau of Reclamation, 15 F.3d 963, 967 (10th Cir. 1994) (citing 28 U.S.C. § 2675(a)). This administrative exhaustion requirement is jurisdictional and cannot be waived. Boehme v. U.S. Postal Service, 343 F.3d 1260, 1262 (10th Cir. 2003). Moreover, the exhaustion requirement cannot be satisfied by a pro se claimant who exhausted administrative remedies after filing his complaint. McNeil v. United States, 508 U.S. 106, 113 (1993). Plaintiff has not alleged exhaustion of administrative remedies as required under the FTCA. Therefore, the court lacks subject matter jurisdiction over these claims against the Department of Homeland Security. Id.

Furthermore, a Bivens action (that is, an action brought directly under the Constitution) may only be brought against a federal employee; it may not be brought against the United States or agencies of the United States, like the Department of Homeland Security. Meyer, 510 U.S. at 486.

B. Failure to state a substantial claim

The crux of plaintiff's claims against the federal defendants is that they issued a "National Security Letter" to cause harm to plaintiff and kill his wife because of their opposition to plaintiff's quest for justice in his water litigation. There are no facts alleged which would lend plausibility to this general claim. To the court's knowledge "national security letters" are requests for information, not directives to commit murder or cause physical harm. See Doe v. Mukasey, 549 F.3d 861, 864 (2nd Cir. 2008) (describing "NSLs" for telephone or internet information, financial records, credit history, credit reports and information concerning the investigation of leaks of classified material). It would be wild speculation for the court to infer from the complaint's allegations that the federal defendants had any involvement in the damages suffered by plaintiff. Plaintiff alleges that he has found support for these claims from Joan Heffington and her assistant, Ms. Ashley. Plaintiff asserts that his wife, Heffington and Ashley each had bad experiences at Wichita

11

hospitals in 2007.³  However, nothing but bare suspicion links these experiences to former President Bush, the Department of Homeland Security or national security letters.  Indeed, Heffington has brought similar allegations in other cases which have been dismissed by this court.  E.g., <u>Heffington v. Bush</u>, 2009 WL 151560 (D.Kan. 1/22/2009).  The court considers these claims to be not only implausible, but also insubstantial and frivolous.

Therefore, the court shall grant the motion to dismiss of the federal defendants.

V. <u>State defendants' motion to dismiss - Doc. No. 36</u>

The state defendants in this case are the Kansas Department of Agriculture/Division of Water Resources, Sumner County District Court/Kansas Thirtieth Judicial District, and District Court Judge R. Scott McQuin.  The state defendants' motion to dismiss asserts, <u>inter alia</u>, that the complaint fails to state a federal cause of action against these defendants.

For several reasons, the claims against these defendants must be dismissed.  First, defendant McQuin is entitled to judicial immunity.  The doctrine of judicial immunity protects a judge from liability for the judge's official adjudicative acts.  <u>Lundahl v.

---

³ In addition, Ms. Heffington has signed an affidavit attached to plaintiff's responses to the motions to dismiss which describe a young college student who she suggests was placed in a mental institution and suffered other torment in the fall of 2009 because he shared Ms. Heffington's belief regarding what the court would term "shadowy" activity by various governmental entities.

12

Zimmer, 296 F.3d 936, 939 (10th Cir. 2002) cert. denied, 538 U.S. 983 (2003). Immunity applies unless the judge acts "in clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). The court determines whether a judge performed a "judicial" act or acted "in the clear absence of jurisdiction" by looking to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.) cert. denied, 513 U.S. 832 (1994) (quoting Sparkman, 435 U.S. at 362). The allegations in the complaint indicate to the court that plaintiff is suing defendant McQuin for judicial actions taken in the course of his jurisdiction.

Second, as argued in the motion to dismiss, subordinate governmental units such as the Division of Water Resources and the Sumner County District Court/Kansas Thirtieth Judicial District are not governmental entities that have the capacity to sue or be sued. See Mason v. Twenty-Sixth Judicial District, 670 F.Supp. 1528, 1535 (D.Kan. 1987); Wright v. Wyandotte County Sheriff's Department, 963 F.Supp. 1029, 1034 (D.Kan. 1997) (Sheriff's Department is subunit of the County and is not itself capable of being sued); Lindenman v. Umscheid, 875 P.2d 964, 977 (D.Kan. 1994) (subordinate government agencies, in the absence of statutory authorization, ordinarily do not have the capacity to sue or be sued).

Third, the Rooker-Feldman doctrine bars any relief from state court judgments. Under the Rooker-Feldman doctrine, this court is jurisdictionally barred from reviewing the decisions of state courts. See Pittsburg County Rural Water Dist. No. 7 v. City of McAlester, 358 F.3d 694, 706-07 (10th Cir. 2004) (en banc). So, to the extent plaintiff is requesting relief which would overturn a state court's decision in his water litigation, such relief is prohibited by the Rooker-Feldman doctrine.

Fourth, the Eleventh Amendment doctrine of sovereign immunity bars actions in federal court for damages against a State, its agencies and its officials acting in their official capacities unless the State has waived its immunity. Kentucky v. Graham, 473 U.S. 159, 165-67 (1985). Plaintiff's federal claims for damages against the State Department of Agriculture are covered by the Eleventh Amendment.

VI. No federal cause of action

The complaint fails to set forth a plausible or substantial federal cause of action which provides grounds for jurisdiction in this case. As described above, there is no jurisdictional allegation of administrative exhaustion to support a claim under the Federal Tort Claims Act and, therefore, jurisdiction under 28 U.S.C. § 1346(b). As described below, there is no civil rights claim under 42 U.S.C. § 1983 to support jurisdiction under 28 U.S.C. § 1343 and no claim under § 1983 or any other federal law to

14

support jurisdiction under 28 U.S.C. § 1331.

The following federal statutes are mentioned in plaintiff's complaint: 42 U.S.C. § 1983; the Communications Act of 1934 (18 U.S.C. § 2511) and Electronic Communications Privacy Act (18 U.S.C. § 2510 et seq.); Stored Communications Act (18 U.S.C. § 2701 et seq.); Foreign Intelligence Surveillance Act ("FISA") (50 U.S.C. § 1801 et seq.); the Patriot Act (Pub.L.No. 107-56) which amended several existing statutes including FISA; and the "War Crimes Act of 1949." Plaintiff fails to allege a plausible or substantial federal claim under each of these statutes.

"To prevail on a § 1983 claim, a plaintiff must demonstrate that he was deprived of his federal rights and that the deprivation was caused by a person acting under color of state law." Utah Animal Rights Coalition v. Salt Lake County, 566 F.3d 1236, 1242 (10th Cir. 2009). "Under color of state law" means that the deprivation of a federal right "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible" and "the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Plaintiff does not state a

cause of action under § 1983 because plaintiff does not name as a defendant a non-immune "person" for purposes of § 1983 who acts under "color of state law" to deprive plaintiff of his constitutional rights.

The Kansas Department of Agriculture/Division of Water Resources is not a "person" for purposes of § 1983. <u>Harris v. Champion</u>, 51 F.3d 901, 905-06 (10th Cir. 1995) (a state agency, as an arm of the state, is not a "person" subject to liability under § 1983). Neither is the Thirtieth Judicial District or Judge McQuin in his official capacity. <u>Id</u>. As already discussed, Judge McQuin is immune from liability in his personal capacity. Former President Bush obviously was a federal official, not a person who acted under color of state law.

Finally, the other defendants in this matter are private persons or corporations who are not alleged to have acted under color of state law. The court acknowledges that a private party who conspires with a state official, even a judge entitled to immunity, is acting under color of state law. <u>Dennis v. Sparks</u>, 449 U.S. 24, 27-8 (1980). However, in this case, a conspiracy between a private person and a state actor is not properly pleaded. Plaintiff does not allege specific facts which display an agreement, concerted action or a conspiracy among state actors and private persons. "When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials

. . . in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." Scott v. Hern, 216 F.3d 897, 907 (10th Cir. 2000) (quotation omitted). For this reason, plaintiff's claims of conspiracy fail to state a cause of action against private persons under § 1983. See Montgomery v. City of Ardmore, 365 F.3d 926, 939-40 (10th Cir. 2004); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Tonkovich v. Kansas Board of Regents, 159 F.3d 504, 533 (10th Cir. 1998); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989); Clulow v. Oklahoma, 700 F.2d 1291, 1303 (10th Cir. 1983); see also, Carlson v. Roetzel & Andress, 552 F.3d 648, 651 (8th Cir. 2008) (mere invocation of legal procedures to reverse workers' compensation award is not state action); Scott, 216 F.3d at 908 (a private person who submits an affidavit in support of involuntary commitment does not engage in state action by availing himself of a state procedure).

The complaint also fails to state a plausible or substantial claim for a violation of the Communications Act of 1934, the Electronic Communications Privacy Act, the Stored Communications Act, FISA and the Patriot Act. Mere speculation that defendants were engaged in illegal surveillance does not suffice to state a claim under these statutes. Plaintiff's allegations are completely conclusory and provide insufficient factual material to be

17

considered even remotely plausible. Other courts have dismissed similar claims by plaintiffs who suspected that a federal agency or other entities had engaged in unlawful surveillance or wiretapping. See, e.g., <u>Richards v. Duke University</u>, 480 F.Supp.2d 222, 232-33 (D.D.C. 2007); <u>O'Brien v. Dept. of Justice</u>, 927 F.Supp. 382, 385 (D.Ariz. 1995); <u>O'Connor v. United States</u>, 159 F.R.D. 22, 26 (D.Md. 1994); see also, <u>Carone-Ferdinand v. CIA</u>, 131 F.Supp.2d 232, 234-36 (D.D.C. 2001) (dismissing action by the executrix of Albert Carone's estate claiming that CIA and other defendants killed Mr. Carone). In addition, this court has held that there is no private right of action under the Patriot Act. <u>Medical Supply Chain, Inc. v. Neoforma, Inc.</u>, 419 F.Supp.2d 1316, 1330 (D.Kan. 2006).

Finally, the court is unaware of a statute passed as the "War Crimes Act of 1949." There is a "War Crimes Act" which attempts to enforce the Geneva Conventions signed in 1949. See 18 U.S.C. § 2441. Nothing alleged in plaintiff's complaint falls under the provisions of this statute or could logically be classified as a "war crime."

VII. <u>Injunctive relief</u>

Plaintiff lacks standing to bring an action for injunctive relief absent a showing of a real or immediate threat of future harm. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101-02 (1983). Past exposure to illegal conduct does not in itself show a present case and controversy regarding injunctive relief. <u>Id</u>.; see also,

Buchwald v. University of New Mexico School of Medicine, 159 F.3d 487, 493 (10th Cir. 1998); Smith v. Colorado Dept. of Corrections, 23 F.3d 339, 341 (10th Cir. 1994). In this case, plaintiff's allegations do not establish a real and immediate threat of future harm in order to sue for injunctive relief.

VIII. Supplemental jurisdiction

For the above-stated reasons, plaintiff's federal claims for relief shall be dismissed without prejudice. Plaintiff has alleged state law claims which remain pending. However, when all federal claims are dismissed from a case, a federal court should usually decline to exercise supplemental jurisdiction over the remaining state law claims. Smith v. City of Enid, 149 F.3d 1151, 1156 (10th Cir. 1998); Cole v. Sharp, 898 F.Supp. 799, 804 (D.Kan. 1995). The court shall decline to exercise supplemental jurisdiction over plaintiff's state law claims in this case.

IX. Conclusion

The court shall grant the federal defendants' motion to dismiss and the state defendants' motion to dismiss in conformity with this order. Plaintiff's federal and state law claims against all defendants shall be dismissed without prejudice and this case is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated this 2nd day of April, 2010 at Topeka, Kansas.


                                        s/Richard D. Rogers
                                        United States District Judge